NICHOLAS G. KEMPF and FRANK C. KEMPF, as Executors, etc.,
of GEORGE KEMPF, Deceased, Respondents, *v.* WILLIAM H.
BIERS and Others, Defendants, Impleaded with JOHN T.
RYAN, Respondent, and FREDERICK BIERS, Appellant.

Fourth Department, October 11, 1916.

Execution — effect of redemption from execution sale — revival of lien
of judgment — foreclosure — amendment of judgment of foreclosure
providing for distribution of surplus moneys.

Since by the express terms of section 1448 of the Code of Civil Procedure,
a redemption from an execution sale renders the sale null and void,
the effect of such redemption is to revive or continue the lien of the
judgment on which the sale was made to the extent of the amount
unpaid, and this lien attaches to the surplus fund arising from the
foreclosure of a prior mortgage.

Hence, an appellant who has redeemed is in no way injured by an amend-
ment of the judgment in the foreclosure action providing for the pay-
ment of the judgment lien by the referee from the surplus moneys arising
on the foreclosure sale.

Practice of providing for the distribution of surplus moneys by amend-
ments to the judgment in foreclosure after the sale, disapproved.

APPEAL by the defendant, Frederick Biers, from part of a
judgment of the County Court of Erie county, entered in the
office of the clerk of said county on the 19th day of February,
1915, as amended *nunc pro tunc* by an order entered in said
clerk's office on the 10th day of April, 1916.

The judgment was rendered in a foreclosure action upon the
decision of the court, and the appeal is taken from so much
thereof as permits the defendant John T. Ryan, as purchaser at
the foreclosure sale herein, to deliver to the referee in part pay-
ment of his bid a satisfaction of the judgment held by him,
which is a first lien upon the mortgaged premises after the
mortgage. An appeal is also taken from the order entered in
said clerk's office on the 10th day of April, 1916, amending the
judgment *nunc pro tunc*, and also from the order entered on
the same day amending a prior order made on the 7th day of
July, 1915.

*Henry W. Willis*, for the appellant.

*Stephen V. O'Gorman*, for the respondent John T. Ryan.

PER CURIAM:

We are of opinion that the rights of the appellant Frederick Biers have not been prejudiced by the orders appealed from or the amendment of the judgment for the reason that the redemption by said appellant from the execution sale had the effect by the express terms of section 1448 of the Code of Civil Procedure to render the execution sale null and void. The effect of such redemption, therefore, was to revive or continue the lien of the judgment on which the execution sale was made to the extent it remained unpaid. (*Titus* v. *Lewis*, 3 Barb. 70.) This lien attached to the surplus fund arising from the foreclosure of the prior mortgage and was the first lien thereon. Hence, appellant was in no way injured by the order which in effect provided for the payment of this lien by the referee from the surplus moneys arising on the foreclosure sale.

We do not approve the practice of providing for the distribution of surplus moneys by amendments to the foreclosure judgment after the sale has taken place, nor is it necessary to consider the power of the court at Special Term to make such amendments. We simply hold that appellant was not injured thereby and that we should not interfere with the action of the court below in his behalf.

The judgment and orders appealed from should be affirmed, with ten dollars costs and disbursements to the defendant John T. Ryan to be paid by appellant Frederick Biers.

All concurred.

Judgment and orders affirmed, with ten dollars costs and disbursements to the defendant John T. Ryan to be paid by the appellant Frederick Biers.