ESTHER THOMAS, Appellant, v. ALEXANDER ZAHKA et al.,
Respondents.

**Bond and mortgage — presumption as to value of bond —
settlement with obligors on bond for less than face value
because mortgage security was of little value — when such
settlement cannot be sustained without proof that obligors
were not solvent.**

1. The solvency of the obligors in a bond is to be presumed in the
absence of proof to the contrary. The law presumes that a bond is
worth its face value, and this presumption continues until the contrary
is shown even where the mortgaged premises are of no value.

2. By the terms of an agreement the defendants became the owners
to the extent of $2,000 of a bond and mortgage given for $3,500, the
plaintiff being the owner of the balance of the mortgage debt. The
interest of the defendants was in every way prior and superior to that
of the plaintiff as if the defendants held a first mortgage for $2,000
and interest and the plaintiff held a second mortgage to secure the
balance of the mortgage debt. The defendants, by the agreement,
were authorized to receive the installments of interest due and were
authorized to accept payment of said bond and mortgage and execute
a satisfaction piece therefor or to foreclose the same in case of default,
accounting to the plaintiff for all moneys received in excess of their
share. The defendants, realizing that the mortgage security was of
little value, arranged with the mortgagors, who were also the obligors
in the bond, to make a settlement for less than the face value and
before the maturity of the bond satisfied the mortgage and delivered
up the bond and released the indebtedness. The amount paid was
less than $2,000. Defendants gave no evidence as to the value of the
bond or the solvency of the obligors. Since the plaintiff in bringing
this action had a right to rely upon the presumption that the obligors
were solvent, she should have such judgment as she would have been
entitled to had it appeared by an abundance of proof that the three
bondsmen were financially responsible. (*Lowenfeld* v. *Wimpie*, 139
App. Div. 617; 203 N. Y. 646, distinguished.)

*Thomas* v. *Zahka*, 181 App. Div. 173, reversed.

(Argued January 29, 1920; decided February 24, 1920.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the second judicial department, entered
December 29, 1917, reversing a judgment in favor of

plaintiff entered upon a decision of the court at a Trial Term without a jury and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frank E. Johnson, Jr.*, for appellant. The effect of the defendants' transaction of March 20, 1915, was to satisfy the whole bond debt, discharge the whole mortgage, and make an accord and satisfaction between them and the makers thereof, and they thereby bound the plaintiff, their co-owner. (*Heermans* v. *Ellsworth*, 3 Hun, 475; *Stoddard* v. *Gailor*, 90 N. Y. 579; *Trustees* v. *Wheeler*, 61 N. Y. 111; *Van Keuren* v. *Corkins*, 66 N. Y. 79; *Lowenfeld* v. *Wimpie*, 139 App. Div. 617; *Corporate, etc., Co.* v. *Gracehull*, 157 App. Div. 259; *Merritt* v. *Cole*, 9 Hun, 102; *Crane* v. *Gruenwald*, 120 N. Y. 274; *Mueller* v. *Goerlitz*, 53 Misc. Rep. 54; *Assets Co.* v. *Clark*, 205 N. Y. 111.) The defendants are liable for the plaintiff's $1,500 share, whether they surrendered and satisfied it without getting the money or refused, after such satisfaction, to pay her that amount. (*Kilmer* v. *Hutton*, 131 App. Div. 636; *Pease* v. *Smith*, 61 N. Y. 481; *McDonnell* v. *Buffalo*, 193 N. Y. 101; *Smith* v. *Smalley*, 19 App. Div. 521; *Weiss* v. *Weiss*, 75 Misc. Rep. 648; *Warner* v. *Cecil*, 84 Misc. Rep. 22; *Moffatt* v. *Fulton*, 132 N. Y. 515; *Field* v. *Sibley*, 74 App. Div. 84; *Britton* v. *Ferrin*, 171 N. Y. 242; *Kelsey* v. *Bank*, 85 App. Div. 334.) The evidence of indebtedness, and the chose in action thereon, were presumably worth the face amount, and the only relevant counterproof was of the insolvency of the makers of the bond, which must be shown by the defendants who converted it. (*Outhouse* v. *Outhouse*, 13 Hun, 132; *Atkinson* v. *Rochester*, 43 Hun, 173; *Booth* v. *Powers*, 56 N. Y. 22; 3 Wait's Law & Practice [1915], 2736; *Henry* v. *Herrington*, 193 N. Y. 218; *Roberge* v. *Winne*, 144 N. Y. 712.)

*Abraham M. Davis* and *Alvin Summers* for Alexander Zahka, respondent. The defendants were within their

rights, under the participation agreement, in delivering the satisfaction piece, which did not violate or interfere with any of the rights of the plaintiff in the bond and mortgage. (*Lowenfeld* v. *Wimpie,* 139 App. Div. 617; 203 N. Y. 646; *Warner* v. *Cecil,* 84 Misc. Rep. 21; *Brown* v. *Burnap,* 17 App. Div. 129; *Brewster* v. *Carnes,* 103 N. Y. 563; *Assets Realization Co.* v. *Clark,* 205 N. Y. 105; *Larned* v. *Donovan,* 155 N. Y. 341; *Moore* v. *Met. Ry. Co.,* 55 N. Y. 41; *Bush* v. *Lathrop,* 22 N. Y. 535.)

*Alvin Summers* for Wadie Najjar, respondent.

CRANE, J. Upon whom was the burden of proof to establish insolvency? This is the only question presented by this appeal.

The plaintiff owned a mortgage on real property situated in the county of Kings, state of New York, which was to secure a bond given for the sum of $3,500. The mortgage was a fifth lien on the property, the four prior mortgages amounting to the sum of $36,500. The property mortgaged was not worth more than the $36,000, so that this fifth mortgage was of little or no value. The bond accompanying the plaintiff's mortgage was made and delivered to her by Daniel Gibbons, Regine Stern and Joseph G. Gessford.

This fifth mortgage held by the plaintiff was dated June 2d, 1913, and the $3,500 secured thereby was to be paid on June 6th, 1916, the interest being six per cent.

On the sixth day of June, 1913, the plaintiff delivered her bond and mortgage to the defendants under an agreement whereby they were to participate therein to the extent of $2,000. By the terms of the agreement the defendants became the owners of the bond and mortgage to the extent of $2,000, and the plaintiff the owner of the balance of the mortgage debt. The interest of the defendants was in every way prior and superior to that of the plaintiff as if the defendants held a first mortgage

for $2,000 and interest and the plaintiff held a second mortgage to secure the balance of the mortgage debt. The defendants, by the agreement, were authorized to receive the installments of interest due and were authorized to accept payment of said bond and mortgage and execute a satisfaction piece therefor or to foreclose the same in case of default, accounting to the plaintiff for all moneys received in excess of their share.

The defendants, realizing that the mortgage security was of little value, arranged with the mortgagors who were also the obligors to make a settlement for less than the face value, and on the 20th day of March, 1915, more than a year before the bond matured, satisfied the mortgage and delivered up the bond and released the indebtedness. The amount paid was less than $2,000. This settlement, of course, satisfied and disposed of all the plaintiff's interest in the bond and mortgage or property as well as that held by these defendants.

The mortgage was security for the bond accompanying it. No doubt the mortgage is considered to be in many instances more valuable than the bond or the better of the two securities. At law, however, the bond is presumed to have value independent of the mortgage and such is actually the fact in many mortgage transactions. All bonds are not of fictitious value, but are frequently executed by persons of financial responsibility.

In this case the defendants knew that the mortgage which they held for $2,000 indebtedness was of little or no value. This was proved by the defendants. Their settlement for less than the face value or for what they could get was, therefore, justified if the mortgage were the only security. But there was the bond. What about the bond? Was it good for $3,500 and were the bondsmen solvent? The defendants in this case said nothing about the bond. They held the bond as security, but there was no evidence whatever as to solvency or insolvency of the persons executing it.

The plaintiff brought this action against the defendants to recover her $1,500 interest in the bond and mortgage, and while conceding that the mortgage was of little or no value, yet claims that the bond was worth at law its face value and that the defendants had no right to settle before maturity for less than the full amount thereof. By the settlement the plaintiff was deprived of her $1,500 interest therein provided the bond were good. Upon whom rested the burden to prove the insufficiency of the bond? The law presumes, as already stated, that the bond was worth its face value and this presumption continues until the contrary is shown. (*Booth* v. *Powers*, 56 N. Y. 22, 27; *Thayer* v. *Manley*, 73 N. Y. 305, 308; *Griggs* v. *Day*, 136 N. Y. 152, 161; *Blumenthal* v. *Lewy*, 82 App. Div. 535, 537.)

The solvency of the obligors is to be presumed in the absence of proof to the contrary. (*Potter* v. *Merchants' Bank of Albany*, 28 N. Y. 641, 655.)

Even where the mortgaged premises are of no value the bond is presumed to be worth the amount stated. (*Barber* v. *Hathaway*, 47 App. Div. 165; affd., 169 N. Y. 575.)

The defendants in this case were willing to rest their rights entirely upon the value of the mortgage security and ignore entirely the bond. They gave no evidence as to the value of the bond or the insolvency of the obligors.

The plaintiff under these well-established rules relied upon her bond as well as the mortgage. The defendants could readily have shown the value of the security. Who could say from this record what the value was? Shall we assume that because the mortgage was a fifth mortgage and of no value that the three obligors were insolvent? Would it not be just as reasonable to assume that when the defendants failed to prove anything whatever about their financial responsibility that they were solvent? The law is that instruments of this kind are presumed to be

worth their face value. The plaintiff in bringing this action had a right to rely upon this presumption. The defendants should have met it by some proof as to the actual value of the bond which of course would limit or bar a recovery. This the defendants failed to do. There is no evidence whatever as to solvency or insolvency. Because of this omission, either intentional or unintentional, the law can take but one course and give such judgment for the plaintiff as she would have been entitled to had it appeared by an abundance of proof that the three bondsmen were financially responsible and the security actually worth $3,500. In the case of *Lowenfeld* v. *Wimpie* (139 App. Div. 617; 203 N. Y. 646), relied upon in the court below, it appeared that the maker of the bond was insolvent.

The judgment of the Appellate Division must, therefore, be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., CHASE, COLLIN, CARDOZO, POUND and ANDREWS, JJ., concur.

Judgment reversed, etc.