In the Matter of the Application of EDWARD CUMMINGS to Compel an Accounting by WARD D. WILLIAMS, as Substituted Trustee under Certain Trusts Created by EDWARD CUMMINGS in and by His Last Will and Testament.

WARD D. WILLIAMS, Individually and as Trustee, etc., Appellant; EDWARD CUMMINGS, Respondent.

Third Department, November 10, 1920.

**Trusts — removal and accounting of testamentary trustee — unauthorized investment.**

A testamentary trustee will be compelled to account and will be removed from office for investing $15,000 of the trust funds in a mortgage upon one-fourth of an acre of swamp land, which is unproductive and unimproved and which does not exceed $6,000 in value, in total disregard of the express terms of the trust which limited such investments to productive real estate worth at least twice as much as the sum which may be loaned thereon.

APPEAL by Ward D. Williams, individually and as trustee, etc., from an order of the Supreme Court, made at the Otsego Special Term and entered in the office of the clerk of the county of Tioga on the 24th day of February, 1920, removing

the appellant as substituted trustee, appointing the Chemung Canal Trust Company as substituted trustee herein, and directing said appellant to pay over to said Chemung Canal Trust Company as substituted trustee herein upon demand the sum of $15,000 with interest thereon as therein stated.

*Ward D. Williams,* appellant, in person.

*Frederick E. Hawkes,* for the respondent.

KILEY, J.:

These proceedings were commenced in July, 1919, by the presentation to the Supreme Court of his petition, which shows among the things not controverted that the father of this petitioner died in 1872 leaving a last will and testament which was admitted to probate in the county of Kings. In and by said will he provided that all of his property, both real and personal, should be held in trust, and named James Morgan and Michael McNamee such trustees. Morgan only qualified and entered upon his duties as the sole trustee of said trust. The 2d paragraph of said trust gave the entire property to trustees, and subdivision 1 thereof provided that the "income and interest" from $10,000 should be applied to the use of his son, Edward Cummings, the petitioner herein, for life, and at his death the corpus of this fund of $10,000 should be turned over to his heirs at law. In subdivision 6 of said paragraph 2, that the "income and interest" from $5,000 should be applied to the use of his niece, Emma Gardner, for life, and at her death the principal sum of $5,000 should be turned over to her child or children, if she left issue her surviving, and if not to be divided between the petitioner herein and his daughter Agnes. He further provided as to the last $5,000 mentioned above, that if either his son or daughter predeceased Emma, and in the event she died without issue, the child or children of the deceased son or daughter should take their parent's share. It was provided in paragraph 4 of said will as follows: " And I hereby order, direct, authorize and empower my said trustee to recover, collect and get in all my personal estate and sell and dispose of all my real estate within one year after my decease, and invest the monies arising therefrom in the names or name of my said Trustees or Trustee in Government Securities, or

in New York State Stocks, or in any stocks authorized to be created by the cities of New York or Brooklyn, or to deposit the same in sound and safe Trust Companies or Savings Banks of said cities, or to loan the same upon Bonds and Mortgages *on unencumbered and productive real estate* in the cities of New York and Brooklyn, *worth at least twice as much as the sum which may be loaned thereon,* with liberty to vary and transpose the investment from time to time at the direction of said Trustees or Trustee for any other investment *of the description* contemplated by this trust." The trustee, Morgan, died August 13, 1908. On December 14, 1909, the appellant, Ward D. Williams, was duly appointed as his successor to administer said trust; he fully qualified thereunder by giving and filing a bond as such trustee with the Massachusetts Bonding and Insurance Company as surety. As such trustee took possession of said trust fund and in April, 1910, loaned the said two trust funds, amounting to $15,000, on a bond secured by a mortgage on a small triangular piece of swampy or marshy land, unproductive and unimproved, situate in the borough of The Bronx, city of New York, containing about one-fourth of an acre; worth as the trial court has found at that time not to exceed $6,000 and depreciating in value. The *cestui que trust,* in each instance annually or semi-annually, have received the income therefrom, less expenses and the commissions of the trustee. After investigation by and on the part of this petitioner, and on the 3d day of July, 1919, he filed his petition to the Supreme Court, in the county of Tioga, where petitioner resides, praying that the then trustee, this appellant, show cause why he should not account and why he should not be removed as such trustee because of the violation of the investment provisions of said trust. The trustee answered traversing said petition, and upon the issues thus made a trial was had before the court at Special Term. The order appealed from followed. The decision has sufficient evidence for its foundation. The trust funds were invested in security taken upon real estate not " *productive* " and not worth *at least twice as much as the sum* loaned by the trustee. Appellant misapprehends the ground of his removal; such removal does not depend, for its justification, upon whether the bond secured by the

mortgage or the pledgor therein were financially sound; nor whether his surety was financially responsible. The question before the court was, did the trustee violate the express terms of the trust under which he operated or the law applicable thereto? Only two cases are cited by appellant (*Matter of Foster*, 15 Hun, 387, and *Thomas* v. *Zahka*, 228 N. Y. 187). They are not applicable. In this case the court merely declares anew, what has often been declared before, that trusts are sacred and that trustees cannot violate the express terms thereof, if such terms are incorporated in the instrument creating the trust, and if not, the law applicable to the preservation and safeguarding of trust property, with impunity.

The order should be affirmed, with costs, with the exception, if thought necessary, that it may be amended by providing that the person or corporation paying this trust fund to the present trustee be subrogated to the rights of ownership of said securities.

Order unanimously affirmed, with costs.