In the Matter of the Estate of WILLIAM H. MCINTYRE, Deceased.

Surrogate's Court, Queens County, June 28, 1932.

■■■

*Frederick H. Patterson,* for the executors.

*Clarence V. Opper,* for City Housing Corporation, claimant.

*Davies, Auerbach & Cornell,* for the trustee.

*Emery L. Ferris,* for Natalie Niles, residuary legatee.

HETHERINGTON, S. The decedent died seized of an improved parcel of real estate upon which he had, on or about July 16, 1926, executed a mortgage to the City Housing Corporation for the sum of $12,375. The debt, the payment of which was secured by the aforesaid mortgage, was evidenced by the testator's bond for like amount, bearing interest at the rate of six per cent per annum, payable, principal and interest, in equal monthly installments of $82.50 in advance, until the total amount of principal and interest should be fully satisfied. At the time of his death there was unpaid on the bond the sum of $11,475.91. The real estate was assessed at $8,300 and appraised at $10,000 in the transfer tax proceeding. The executors have sold the property to a purchaser

who has assumed the payment of the mortgage. On January 11, 1932, they filed their account together with a petition for its judicial settlement, setting forth substantially the aforesaid facts relating to the decedent's liability upon the bond so executed by him, and without citing the obligee or assignee thereof, or the presentation to them by the holder of the bond of a claim thereon, in the manner and form required by section 207 of the Surrogate's Court Act, sought to reserve by decree the sum of $7,250 in cash and securities of the appraised value of $6,593, to meet the decedent's liability thereon when finally determined. I declined to sign the decree in the form submitted, and stated that no reservation would be sanctioned in the absence of compliance with the provisions of section 207 of the Surrogate's Court Act. The executors thereupon procured a supplemental citation directed to the City Housing Corporation, the Equitable Life Assurance Society of the United States and the Irving Trust Company. Upon or prior to the return date thereof two claims were filed, one by the Irving Trust Company and the other by the City Housing Corporation. The Equitable Life Assurance Society of the United States neither appeared nor filed any claim. The verified claims of the City Housing Corporation and the Irving Trust Company establish, and of which there is no dispute, that there was due on the bond and mortgage as of May 31, 1932, the sum of $10,675, with interest from May 1, 1932. It appears, however, that subsequent to the execution of the bond and mortgage the City Housing Corporation assigned to the Equitable Life Assurance Society of the United States a senior participating interest therein in the amount of $6,500 and guaranteed the payment thereof. Later it assigned a junior participating interest of the remainder to the Irving Trust Company, subject, of course, to the senior interest. The right or option to declare the bond and mortgage due, in the event of a default, was expressly reserved to the Equitable Life Assurance Society of the United States. The City Housing Corporation asserts that it is a creditor of the decedent by reason of its guaranty of payment of the senior interest of $6,500, and asks that a sum sufficient to satisfy its claim be reserved until the amount is definitely ascertained. The Irving Trust Company claims that in the event of a foreclosure a sale of the property probably would not bring more than the amount of the senior interest, and, therefore, urges that a sum sufficient to meet a possible deficiency of $4,175.70 should likewise be reserved. Both claims were rejected by the executors upon the following grounds:

1. That the respective claims are not valid and subsisting liquidated claims against the estate of decedent.

2. That said claim and claims were not and have not been presented within the time limited by law and fixed by a duly published notice to present claims.

3. That the claim and claims are invalid and do not comply in fact or in form of presentation with the requirements of section 207 of the Surrogate's Court Act.

4. That the claimant or claimants if the said claim or claims should become valid and liquidated in amount would have an ample remedy at law against the proper distributees of the estate.

Not much time need be spent in considering the first ground of objection, as neither claimant contends that it presently has a liquidated claim against the estate of the decedent. The claims, if provable at all, must be treated as contingent and unliquidated. The court, having in effect given the claimants time to present and file their claims, and being in accord with Surrogate WINGATE that the pertinent provisions of section 207 of the Surrogate's Court Act should not be construed as placing a short statute of limitations upon the presentations of such claims (*Matter of Weissman*, 140 Misc. 360), overrules the second objection that they were not filed prior to the expiration of the time limit for the presentation of claims in the advertisement therefor. The third objection is also overruled, as I am of the opinion that the proofs of claim conform to the statute. The fact that the claimants may have a remedy over against the legatees does not deprive them of the right to have a reservation made, if their claims are properly provable against the decedent's estate.

The sole question, therefore, is whether or not either or both of the claims are provable against the estate of the decedent. Consideration will first be given to the claim of the City Housing Corporation. Except for the guaranty of payment given to the Equitable Life Assurance Society of the United States, this claimant, having parted with its entire interest in the bond and mortgage, would have no provable claim against the decedent's estate. However, as a guarantor, it would be liable in a foreclosure action to the extent of its guaranty. Having agreed to pay a part of the debt for which the decedent was primarily answerable, it stands in the relation of a surety for him (*Gerseta Corporation* v. *Equitable Trust Co.*, 241 N. Y. 418), and as such comes within the provisions of section 207. The failure of the holder of the senior interest to present a claim and the fact that the property appears to be worth at least the sum of $6,500, coupled with the amortization requirements of the bond, leads me to conclude that it is not necessary here to decree a reservation for the full amount. A reservation of $1,500 appears to be ample protection.

The claim of the Irving Trust Company stands on a different footing. The right to foreclose in the event of a default, and to enter a deficiency judgment was expressly reserved to the holder of the senior interest. The owner of the property can safely deal with the holder of the senior interest, and any payment or settlement made would be binding on the holder of the junior interest. The decedent executed a single obligation enforcible only by the holder thereof. As between the holders of the senior and junior interests, the former must be regarded as the owner of the obligation, and while the junior interest may have the right to call upon the owner of the senior interest to account for such amount as it may receive in excess of its interest, it is not in a position to assert directly a claim against the decedent's estate. The claim, if any, must be asserted by the holder of the senior interest. (*Corporate Investing Co.* v. *Gracehull Realty Co.*, 157 App. Div. 259; *Lowenfeld* v. *Wimpie*, 139 id. 617, and *Thomas* v. *Zahka*, 99 Misc. 333; affd., 228 N. Y. 187.) No claim having been filed by it, the claim of the Irving Trust Company is disallowed and dismissed.

Submit decree settling the account, directing distribution and providing for a reservation of $1,500 for the benefit of the City Housing Corporation in accordance with the provisions of section 207 of the Surrogate's Court Act.