LINCOLN KITTLE, Plaintiff, *v.* HARRIS A. GORDON and Others, Defendants.

County Court, Sullivan County, March, 1933.

*William Deckelman*, for Mary Rosen.

*John D. Lyons*, for the plaintiff.

*Weiss & Costa*, for certain judgment creditors.

*Sylvester I. Smith*, for F. M. Merritt & Son.

*Edward F. Ryan*, referee.

COOKE, J.   On or about December 28, 1928, a bond and mortgage were given by Harris A. Gordon and another to Lincoln Kittle for $3,500, which mortgage was recorded in the Sullivan county clerk's office in Mortgage book 233 at page 14.

On or about June 16, 1930, the said Lincoln Kittle assigned a two-sevenths interest in said bond and mortgage to Mary Rosen, which assignment was recorded in Sullivan county clerk's office on July 21, 1930, in liber 241 of Mortgages at page 531.   Said assignment states that in consideration of $1,000 paid by Mary Rosen, the assignor assigns unto the assignee a two-sevenths part, which is equal to $1,000 interest in said bond and mortgage.

Then appears the following: " It is understood that in the event of foreclosure that I, Lincoln Kittle, shall receive the first claim up to $2,500 and Mary Rosen the remainder up to $1,000."

This was a matter of record and could have been known by any one interested.

On or about August 25, 1931, this plaintiff began an action to foreclose this bond and mortgage.   He did not request the said

defendant, Mary Rosen, to join as plaintiff. She was made a party defendant and it was alleged that she with several other defendants have or claim to have some interest in or lien upon said mortgaged premises subsequent and subordinate to the claim of the plaintiff. The plaintiff apparently proceeded as if there had been a severance of the interests of plaintiff and defendant, Mary Rosen. All parties to the foreclosure, by their conduct, permitted the action and sale to proceed on this theory. The amount claimed by plaintiff was $2,500 and interest. This defendant appeared by attorney and waived service of all papers except notice of sale and application for surplus. The usual judgment of foreclosure and sale was entered setting forth the amount due this plaintiff, but did not mention the amount due this defendant, Mary Rosen. The property was sold, the amount due plaintiff was paid together with the expenses and the balance of $4,097.86, surplus, paid to the county treasurer.

The referee in the surplus money proceeding found that Mary Rosen has no valid claim upon the surplus moneys by reason of said assignment.

Application is now made to confirm that report. Mary Rosen appears by attorney and objects to such confirmation. A motion is also made by her for an order to open her default to set aside the judgment in the foreclosure and to permit her to answer in order that her $1,000 interest in said bond and mortgage may be protected in case she is not allowed to share in the surplus. She claims she was advised that her interest would be paid from the surplus.

Viewing this in any light we may, the controlling thought is that Mary Rosen should not be deprived of her money if it can be legally prevented.

There does not appear to be any good reason why the sale under the judgment should be set aside and all the expenses incident thereto again incurred. In addition, the plaintiff has his money and the moneys received on that sale have been disbursed, with the exception of the surplus. The practice of providing for the distribution of surplus moneys by amendments to the foreclosure judgment is not approved. (*Kempf* v. *Biers*, 176 App. Div. 269.)

In *Thomas* v. *Zahka* (228 N. Y. 187, 189) it is stated: " On the sixth day of June, 1913, the plaintiff delivered her bond and mortgage to the defendants under an agreement whereby they were to participate therein to the extent of $2,000. By the terms of the agreement the defendants became the owners of the bond and mortgage to the extent of $2,000, and the plaintiff the owner of the balance of the mortgage debt. The interest of the defendants was in every

way prior and superior to that of the plaintiff as if the defendants held a first mortgage for $2,000 and interest and the plaintiff held a second mortgage to secure the balance of the mortgage debt."

Section 757 of Thomas on Mortgages (3d ed.) is as follows: "Foreclosure by party in interest.— An action to foreclose may be maintained by any person who has an interest in the mortgage, though it cannot always be maintained by the person who has an interest in the proceeds of the mortgage. The test is as to whether the plaintiff has the right to give a valid acquittance to the mortgagor for the mortgage debt, or any part of it; or as to whether his acquittance would be necessary to perfect the discharge; and, in either case, he may institute the foreclosure. If the person foreclosing has only a part interest in the mortgage, those who are interested with him should first be invited to become plaintiffs, and on refusal, they should be joined as defendants.

"Where a mortgage is executed to one to secure money to be paid to another, the latter, if alive, can maintain a suit to foreclose it, and if he be dead the action is properly brought by his administrator.

"If the mortgage belongs to two or more persons, it is best that they should all join as plaintiffs in the action to foreclose. If the action is brought by one of them, and the others are joined as defendants, the complaint should show that those not joining as co-plaintiffs had been requested so to join, and had refused; but if the complaint does not show these facts, and the defect is not objected to by the interposition of a demurrer, it will be waived."

In *Corporate Investing Co.* v. *Mt. Vernon M. P. Co., Inc.* (206 App. Div. 273, 275) we find: "The question argued on this appeal is whether a referee in surplus proceedings has general equitable jurisdiction to entertain claims which are purely *equitable* in nature, or, as contended by the Products Company, his jurisdiction is limited to the allowance of liens which are strictly legal, with equitable jurisdiction only extending to consider matters in avoidance of, or defense to, such legal claims, as, for instance, fraud in the origin thereof. In *Bergen* v. *Carman* (79 N. Y. 146, 151) the Court of Appeals announced the rule that since the object of the reference was to ascertain to whom the surplus belonged, 'This opens a door to an inquiry as to the character of all liens which may be presented,' the reasoning of the court being that where jurisdiction of a court of equity was once acquired, such court as a general rule has the right to proceed and do justice to all the parties. Perhaps that case standing alone would be subject to the limitation that the general language used was in reference only to the assumption of equitable jurisdiction of matters presented in

defense to a legal lien. But in the light of such of the cases as have followed *Bergen* v. *Carman* no such limitation survives.

"In *Tator* v. *Adams* (20 Hun, 131) jurisdiction of the referee was sustained to try the question whether, in a conveyance, a certain clause which, unreformed, stood in the way of a claim to the surplus, was inserted by mistake. In sustaining the jurisdiction it was said that *Bergen* v. *Snedeker* (21 Alb. L. J. 54, *sub nom. Bergen* v. *Carman*, 79 N. Y. 146) had settled the doubt suggested by earlier cases as to the power of the referee to investigate ' every question * * * tending to show the equities of the claimants.' That observation was later adopted by Mr. Justice McADAM in *Wilcox* v. *Drought* (36 Misc. Rep. 352). In *Bowen* v. *Kaughran* (1 N. Y. St. Repr. 121) it was held that where the intent in executing certain written instruments was to assign shares of the surplus moneys, the referee, despite the absence of express words of assignment, had power to report in favor of the instruments as equitable assignments, and thus save the circuity of action which would be necessitated by remitting the claimants to a suit in equity to establish their equitable claim. The report of the learned referee in that case was approved and his opinion adopted by Chief Justice SEDGWICK. (*Bowen* v. *Kaughran, supra,* 130.) In *Crombie* v. *Rosenstock* (19 Abb. N. C. 312) certain liens of materialmen were invalid for defects of form or lack of record, but there was a clause in the deed which had transferred the property to the mortgagor, stating that the conveyance was ' Subject * * * to * * * all contracts outstanding relating to said premises and the building now in course of erection and construction thereon,' and the materialmen claimed that thereby they were given an equitable lien upon the surplus. The same referee (Wilbur Larremore) entertained the claim as ' of a purely equitable nature,' and cited the cases from *Bergen* v. *Carman* (*supra*) down to *Bowen* v. *Kaughran* (*supra*) as establishing the rule that ' wherever the facts would warrant the filing of a bill in equity to declare a lien on a fund, a referee in surplus proceedings may hear and determine the application to declare such lien, and, if he is of opinion that it should be granted, report directly in favor of the holder thereof.' His report was approved by FREEDMAN, J. Mr. Justice McADAM later cited the case, among many others, in *Wilcox* v. *Drought* (*supra*) as authority for the general proposition that ' the referee may inquire into and determine all questions of law and fact, usury, fraud or the like, and every question tending to show the equities of the claimant, to the end that it may be decided in such proceedings finally and on the merits to whom such surplus moneys belong.' "

There is not any dispute as to the facts. Mary Rosen had a

$1,000 interest in that bond and mortgage subject and subordinate in case of foreclosure to the $2,500 interest of Lincoln Kittle. She was a part owner of the debt represented by the bond, the payment of which was secured by a mortgage on this land. This property was sold and the money received therefor stands in its place. In this proceeding it is regarded as realty. Her lien, if extinguished by the foreclosure, was transferred from the land to the surplus. Mr. Kittle was paid what was due him, but Mary Rosen has not been paid what is due her. Her interest is represented by a part of this surplus. Every principle of equity leads us to the conclusion that she should be paid and should not lose her money. By paying her from this surplus, no one is injured. Everyone gets what is rightfully and justly his or her due. There always was $3,500 unpaid on the principal of the bond and mortgage. The subsequent lienors have not any more before their claims than there has always been. If there had been a direction in the judgment of foreclosure to this effect, it would amount to the same thing. The action is not terminated while the surplus is intact. There is still time to do justice.

Where land is sold under a judgment and the surplus money is brought into court, creditors having liens upon the land have the same liens upon the surplus moneys which they had upon the land previous to the sale. Their liens are transferred from the land to the surplus. (*Averill* v. *Loucks*, 6 Barb. 470.)

To insist that the lien of Mary Rosen was extinguished by the foreclosure, and that she is not entitled to share in the surplus is inconsistent. If her lien were extinguished by the foreclosure, which position the parties who have appeared herein seem to take, then it follows that it was transferred to the surplus. If her interest were not extinguished by the foreclosure it would still be upon the land and whoever had the title would take it subject to such interest.

The report is referred back to the referee herein, so that it may conform to the order to be entered herein in accordance with this opinion.

Order to be agreed upon or settled on notice.