OPINION OF THE COURT
Louis B. Scheinman, J.
This is a motion by the First National Bank of Jeffersonville *891 (hereinafter referred to as Bank) to confirm the report of the referee in surplus money proceedings in this foreclosure suit.
Defendant Emil Johnson opposes confirmation and requests rejection or modification of the report. The Sullivan County Department of Social Services (hereinafter referred to as County) also seeks confirmation.
The issue for determination is whether a certain instrument executed by defendant Patricia Johnson in favor of the County constituted a lien upon her interest in the subject premises, and, if so, whether such lien has priority over a junior and subsequently recorded mortgage held by the Bank. The facts are generally as follows:
Defendants Emil and Patricia Johnson were husband and wife when they executed and delivered the mortgage being foreclosed herein to the plaintiffs.
Subsequently, and in 1975, Patricia executed a document entitled "Public Assistance Case No.: ADC 24946 — Assignment of Proceeds of Real Property” wherein it is stated that she assigned to the County "out of monies that may become payable to me from the liquidation, sale, transfer, mortgaging or other use of all real property in which I now or in the future may own an interest”, specifically designating the subject property by deed liber and page, in repayment for social services benefits. The document further states: "and I do hereby direct that this instrument be and become a valid legal lien upon and against all of my said real property and the proceeds thereof’.
The document goes on to further state, inter alia, that the subsequent deeds, mortgages or other documents signed by her are not to be valid or effective until "the County is paid”. Said document was duly recorded.
Thereafter, both Patricia and Emil Johnson executed and delivered another and junior mortgage to defendant Bank. Thereafter, the Johnsons were divorced, subsequent to which divorce the plaintiffs herein commenced the present suit to foreclose their first mortgage. The subject premises were sold, as a result of which public sale there remained a surplus of $7,211.66.
The referee reports a reference fee of $200 leaving $7,011.66 due to the owners of the equity of redemption, Emil and Patricia Johnson, or $3,505.83 each. Deducted then is the sum due to the County of $2,841.93 "from the respective interests *892 of’ Emil and Patricia Johnson, which is based on, according to the referee, the fact that the obligation to the County was incurred as a "direct result of the failure on the part of Emil Johnson to provide adequate support”, etc., to his wife and children, causing the lien to occur. There is nothing in the record to support this finding or conclusion.
The report then goes on to award the Bank $3,730.23, leaving a balance of $439.50 to be divided between Emil and Patricia Johnson.
Emil Johnson objects to this report upon the grounds that the second mortgage to the Bank is clearly a lien, that the previously recorded assignment from Patricia to the County is not a lien and, in any event, an assignment of only her proceeds. Had the referee so found, Emil Johnson would be entitled to the mortgage moneys due to the bank being first deducted from the shares of both Johnsons, Patricia then being left with an insufficient interest to satisfy her obligation to the County in the amount of $2,842, Emil’s interest in the surplus funds being reduced by only one half of the amount of the referee’s fee and one half of the mortgage obligation to the Bank, which is in the amount of $3,720.26, thus leaving him with a recovery here of approximately $1,700.
It is well settled that when husband and wife divorce, their interests as tenants by the entirety to real estate are converted to tenancies in common. (5 A Warren’s Weed, N Y Reql Prop, Tenancy by Entirety, § 3.06.) Consequently, upon the divorce, they became the owners each of an undivided one-half interest in the equity of redemption. It is basic law that surplus money realized upon a sale in foreclosure is not a general asset of the owner of the equity of redemption, but stands "in the place of the land for all purposes of distribution among persons having vested interests or liens upon the land” (Sadow v Poskin Realty Corp. (63 Misc 2d 499, 502 and citations therein). Thus, Emil and Patricia Johnson are tenants in common with respect to their interests in the surplus moneys.
The assignment by Patricia to the County conveyed only that which she was capable of conveying. Although it may be that Emil is indebted to the County, such is, at most, an unliquidated claim, there being no judgment nor obligation cognizable as a lien on surplus moneys. (Real Property Actions and Proceedings Law, § 1361, subd 2; Sadow v Poskin Realty Corp., supra.) The opening language of the instrument Patri *893 cia delivered to the County appears to resemble a simple assignment of proceeds only. However, subsequently clear and unambiguous language express the intention to create a lien, as is also demonstrated by the act of recordation of same. It should be pointed out here that it is common practice for social services units of local governments to ask for and receive such liens, and any construction holding such instruments to be less than a lien would clearly defeat the purpose of same in that property owners indebted to local social services units could, after delivering such instruments, effectively destroy their intended effect by subsequently delivering to others mortgages, confessions of judgments, or other recognized liens. Further, a lien may be created by contract (Davison v MacDonald, 124 Misc 726, affd 216 App Div 759). Equitable liens may also be recognized in surplus moneys proceedings (Sadow v Poskin Realty Corp., supra; Davison v MacDonald, supra; Kittle v Gordon, 146 Misc 726; 15 Carmody-Wait 2d, NY Prac, § 92:427).
Consequently, the assignment to the County is a valid lien against the interest of Patricia Johnson, prior in that respect to the lien of the Bank’s mortgage. Accordingly, the order of priority and distribution of the surplus moneys in the amount of $7,211.66 is as follows:
1. Payment of the reference fee of $200, chargeable against the entire fund, leaving a balance of $7,011.66.
2. Payment to the County of $2,841.93 out of Patricia’s share of the above fund ($3,505.83).
3. Payment to the Bank of the sum of $3,730.23. Since both Johnsons are jointly and severally liable for this obligation, charging the remaining $663.83 interest of Patricia and $3,066.40 out of Emil’s interest.
4. The balance of $439.43 shall be distributed to the defendant Emil Johnson.
Consequently, paragraphs "Fourth” through "Sixth” of the conclusions of law of the referee’s report are modified to the extent indicated above, and, as so modified, said report is confirmed.