### VOGEL v. NACHEMSON et al.

(Supreme Court, Appellate Division, First Department. March 11, 1910.)

1. MORTGAGES (§ 568*) — FORECLOSURE — SURPLUS — RIGHTS OF JUNIOR MORTGAGEE.

A junior mortgagee held under a mortgage assigning to her, on default, the rents of the premises. A senior mortgage was foreclosed, and a receiver appointed to collect the rents. After applying the proceeds of the sale on the mortgage, there remained in the hands of the receiver a surplus, which the owner of the equity of redemption and the junior mortgagee claimed. The junior mortgagee made no application to extend the receivership for the benefit of her mortgage. Held, that the claim of the junior mortgagee to the surplus would be treated as an application, and she was entitled to the surplus as being the one equitably entitled to it.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1643; Dec. Dig. § 568.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. Mortgages (§ 567*)—Foreclosure—Rights of Junior Mortgagee—Surplus Fund—Assignments.
    *Held*, also, that the assignment of rent in the junior mortgage was sufficient to give such mortgagee the right to the surplus.

    [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1632, 1636; Dec. Dig. § 567.*]

Appeal from Special Term, New York County.

Action by Bernhard Vogel against Simon Nachemson and others. From an order directing a receiver to pay rents to defendant Minnie Sable, respondent herein, defendant Jennie Nachemson appeals. Reversed, and order entered.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Louis L. Kahn, for appellant.
Herman Kahn, for respondent.

McLAUGHLIN, J. This action was brought to foreclose a mortgage upon real estate and for a sale. During the pendency of the action the plaintiff had a receiver appointed to collect the rents. After applying the proceeds of the sale upon the plaintiff's mortgage, there remained in the hands of the receiver, after paying all expenses of the receivership, $390.67. The plaintiff moved for the discharge of the receiver and the distribution of this sum. The respondent, as the owner of the equity of redemption, claims that she is entitled to it, and a like claim is made by the appellant, a junior mortgagee. The learned justice sitting at Special Term decided in favor of the respondent, and made an order directing such distribution, and the appeal is from that order.

I have been unable to find any authority bearing directly upon the question, but upon principle it seems to me that the owner of the junior mortgage is entitled to the money in preference to the owner of the equity of redemption. If the plaintiff in the foreclosure action had applied the sum now in question towards the payment of his mortgage, that would have left a surplus of an equal amount derived from the proceeds of the sale of the real estate, and to this the appellant would clearly have been entitled as holding the first lien thereon. It is true the receiver was appointed for the benefit of the plaintiff; but the appellant, as the holder of a junior mortgage, would have had the right to apply to the court to extend the receivership for the benefit of her mortgage, and, had she done so, she would have been entitled to the sum now sought to be distributed. The fact that she did not make such application ought not to deprive her of that to which, in equity, she is clearly entitled (Keogh v. McManus, 34 Hun, 521); on the contrary, her claim may now be treated in effect as making such application. Not only this, but the mortgage which she holds recites that the rents, in the event of a default, are assigned to the holder of her mortgage, and under such assignment it seems to me she is also entitled to the fund.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It follows that the order appealed from should be reversed, with $10 costs and disbursements, and an order entered directing the receiver to pay the fund in question to the appellant.   All concur.