ESTHER THOMAS, Respondent, *v.* ALEXANDER ZAHKA and WADDIE NAJJAR, Appellants.

Second Department, December 29, 1917.

Mortgage — agreement as to priority of holders of junior mortgage — right of mortgagee having priority to satisfy mortgage debt and accept other security — failure to show bad faith.

Where the defendants, holding a fifth mortgage on real estate, the value of which was exceeded by the prior liens, entered into an agreement with the plaintiff which recited that the interest of the defendants in the mortgaged debt was prior and superior to that of the plaintiff who owned the residue of the debt and that the defendants were authorized to accept payment of the bond and mortgage and to satisfy the same, or to foreclose on default and receive the proceeds of the sale, being liable only to account to the plaintiff for all moneys received in excess of the prior interest of the defendants in the mortgage, the defendants had a legal right to protect their superior interest by satisfying the mortgage for a sum of money and the issuance of another mortgage on other unincumbered property, there being no bad faith on their part. Under the circumstances the defendants were not trustees for the plaintiff and had the right to collect or exchange the security without waiting until the maturity of the mortgage.

The mere satisfaction of the mortgage by the defendants establishes no

ground of damages to the plaintiff since the mortgaged property was fully covered by prior liens.

*It seems,* however, that had the defendants been charged with bad faith they might have been called upon to justify their act.

RICH, J., dissented.

APPEAL by the defendants, Alexander Zahka and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 28th day of March, 1917, upon the decision of the court after a trial before the court, a jury having been waived.

The action was brought to recover for the alleged breach of a participation agreement regarding a bond and mortgage.

Defendants on June 6, 1913, made a loan of $2,000 to one Plaisantin, and took as security a $3,500 bond and mortgage, which was a fifth lien on Brooklyn property. This bond to the plaintiff dated June 2, 1913, was payable in three years with interest at six per cent per annum. It was made by Messrs. Gibbons, Stern and Gessford, as owners. The prior liens aggregated $36,250. Plaintiff assigned this to defendants, with a participation agreement, reciting defendants' prior ownership therein up to $2,000 and interest; that plaintiff owned the residue of said mortgage debt, but that defendants' $2,000 interest is prior and superior to that of the plaintiff " as if the party of the second part held a first mortgage for $2,000 and interest and the party of the first part held a second mortgage and subordinate to secure the balance of the mortgage debt."

" *Third.* That the party of the second part shall have all the rights of any holder of said bond and mortgage and is authorized to accept payment of said bond and mortgage and to execute a satisfaction piece therefor and in the event of any default on said bond and mortgage to foreclose the same and receive the proceeds of the sale from the referee; but the party of the first part shall, in any and every event, have the right to an accounting for all money received by said party of the second part in excess of the ownership of the party of the second part in said bond and mortgage. All rights and authority given under this article by the party of the second part are irrevocable.

"*Fourth.* That the party of the second part is to notify the party of the first part of any and every default on said bond and mortgage and of any and every foreclosure by making the party of the first part a defendant in any and every suit without further notice or demand, but the party of the second part shall be under no other obligation to protect the interest of the party of the first part under any such suit or upon any sale in any such foreclosure."

No part of defendants' loan to Plaisantin has been paid, so that it was overdue in the year 1914.

Up to March 20, 1915, defendants had received on account of interest on this $3,500 bond the sum of $383. Prior liens on the mortgaged premises then exceeded its value.

On March 20, 1915, defendants satisfied this mortgage for $730 in money, and took a mortgage for $1,000 on other incumbered property, which $1,000 mortgage was subsequently lost and extinguished through foreclosure. Although the complaint does not charge bad faith, and merely avers the satisfaction and discharge of such mortgage, plaintiff has been decreed $1,500 with interest, and costs.

*Abraham M. Davis* and *Adolphus D. Pape,* for the appellants.

*Frank E. Johnson, Jr.,* for the respondent.

PUTNAM, J.:

Defendants were vested with the title to this mortgage, and had the full right to protect their own superior interests. They did not become trustees for plaintiff. The two portions of the original debt were severed, as if secured by separate and successive mortgages. Notice to plaintiff by making her party to any foreclosure was, of course, necessary, since otherwise the decree and sale might be defective. (Wilt. Mort. Forec. § 116.) Defendants had agreed to pay over to, or account to, plaintiff for what she might be entitled to beyond defendants' $2,000 interest. They had the right to collect, or exchange the security. (*Lowenfeld* v. *Wimpie,* 139 App. Div. 617; 203 N. Y. 646.) In view of the amount of prior incumbrances, this $3,500 mortgage was speculative and precarious, depending, as it did, on future prospects, rather than on actual values.

In the absence of bad faith, defendants were not obliged to wait till after the mortgage matured, with the possible extinguishment of the security, before acting for their own protection. Such acts as exchanging, or compromising the security, were within the ample powers conferred by the two instruments, defendants, however, being always answerable for bad faith or waste, or like impairment of the security. (*State Bank* v. *Smith*, 155 N. Y. 185, 200.) It would have been prudent to have given plaintiff notice of this step, but if defendants were remiss in this respect, that alone did not amount to waste.

As plaintiff simply averred a satisfaction of the mortgage, she did not show any ground for damages, since the mortgaged property was fully covered by prior liens. Had bad faith been charged, defendants might have been called upon to justify their relinquishment of this security on the terms shown.

The judgment should be reversed and a new trial granted, costs to abide the event.

JENKS, P. J., MILLS and BLACKMAR, JJ., concurred; RICH, J., voted to affirm upon the opinion of Mr. Justice CROPSEY at Trial Term [99 Misc. Rep. 333].

Judgment reversed and new trial granted, costs to abide the event.