ROBERT K. STAFFORD and Another, Appellants, v. NEW YORK LIFE INSURANCE COMPANY, Respondent, Impleaded with EUGENE C. HARDING REALTY COMPANY and Another, Defendants.

First Department, June 10, 1932.

*Robert E. McLear* of counsel [*Matthew J. Wheelehan* with him on the brief; *Robert E. McLear*, attorney], for the appellants.

*B. F. Norris* of counsel [*Bouvier & Beale*, attorneys], for the respondent.

MARTIN, J.   By this action in equity the plaintiffs seek to have declared void two extension agreements executed by the respondent New York Life Insurance Company as mortgagee with the defendant Eugene C. Harding Realty Company as owner of mortgaged premises.   The first agreement, dated January 8, 1930, extended the bond and mortgage until January 1, 1931, and the second, dated October 31, 1930, extended the time for payment of the bond and mortgage until January 1, 1934.   The corporate plaintiff seeks to be released from all liability under the extension agreement with the defendant New York Life Insurance Company dated January 27, 1925, including the payment of the sum of $505,000 and interest now unpaid on the said bond and mortgage executed by the St. John's Park Realty Company to the New York Life Insurance Company. The individual plaintiff seeks a personal judgment against the New York Life Insurance Company for the sum of $80,000, with interest from January 1, 1930, and if the sum be not paid that the New York Life Insurance Company be directed to foreclose its mortgage on the premises in question.

The basis for this action as alleged in the complaint is that the extensions of the mortgage granted by the New York Life Insurance Company to the Eugene C. Harding Realty Company were made without the knowledge or consent of the appellants and the mortgagor St. John's Park Realty Company and over the protests and objections of appellants and in bad faith.

The Special Term held that the relations between Robert K. Stafford and the New York Life Insurance Company were governed solely by a written agreement; that Stafford was bound by the agreement and that as the corporate plaintiff sought only to be relieved of liability on the bond the complaint should be dismissed as to both defendants.   It was conceded by the defendant, respondent, on the argument and in its brief that the corporation cannot be held on

the bond since the mortgage was extended without its consent or approval.

The premises in question are known as Nos. 19–23 West Eighteenth street and Nos. 22–28 West Nineteenth street, city of New York, and were mortgaged by the St. John's Park Realty Company on September 21, 1911, to the New York Life Insurance Company for the sum of $550,000. On January 27, 1925, a participation or share ownership agreement in the bond and mortgage was entered into between the plaintiff, appellant, Robert K. Stafford and the respondent New York Life Insurance Company. At the same time the plaintiff corporation Stafford Bros., Inc., being the owner of the premises, executed and delivered to the New York Life Insurance Company an agreement for an extension of the time of payment of the principal indebtedness secured by the bond and mortgage to January 1, 1930, and agreed to pay the amount of the indebtedness and comply with all the terms of the bond and mortgage.

Thereafter, the Eugene C. Harding Realty Company became the owner of the premises and during the three years prior to the commencement of this action it defaulted in making various payments covenanted to be made in the bond and mortgage; among which defaults were the failure to pay interest in the sum of $13,956.28, and in default in making payment of an installment of $2,500 on the principal and in failure to pay taxes amounting to $10,050 due in November, 1929. This action was commenced on December 12, 1929, and thereafter the defendant New York Life Insurance Company executed the two extensions referred to in the complaint.

The agreement between Stafford and the respondent New York Life Insurance Company clearly defines the rights of the respective parties in regard to their participation in the mortgage therein referred to and provides in part, as follows:

" *First.* * * * the ownership of the party of the second part is and shall be in every way prior and superior to that of the party of the first part, as if the party of the second part held a first mortgage for $450,000 and interest, and the party of the first part held a second and subordinate mortgage to secure the balance of the mortgage debt.

" *Second.* That the party of the second part is authorized to receive the instalments of principal and interest due and to become due on the bond and mortgage and to give proper receipts therefor, and after deducting from each instalment the amount thereof due under this agreement to the party of the second part, shall remit

the balance to the party of the first part by mailing the same to the party of the first part at the address herein given. * * *

"*Fifth.* That the interest of the party of the first part is not assignable without the written consent of the party of the second part.

" That the party of the second part is authorized to extend the time of the payment of the principal of said bond and mortgage (including the participation of the party of the first part) at the same or at an increased rate of interest, and in event of an increase of the rate of interest the parties hereto shall be entitled to interest during the extended term at the increased rate upon the amount of their respective participation."

Inasmuch as the insurance company was limited to loaning money on first mortgages only, it was proper that the contract should be drawn in language indicating that the company was a first mortgagee and the plaintiff who is called by counsel the junior participant, was a second mortgagee. The contract specifically provides that the insurance company should have all the rights incident to the ownership of the mortgage which necessarily includes the right to receive payment of interest and principal, to extend the mortgage and to satisfy it. The contract goes further and states that the respondent shall have the absolute and exclusive right to extend the time for payment of the mortgage on its own part and expressly states that the respondent shall have the right to extend the time of payment of the plaintiff's interest in the mortgage.

The court at Special Term held that the respondent had all the rights of a first mortgagee; that the agreement expressly gave the respondent the right to extend the mortgage and that there was no trust relationship between the parties.

Both parties claim that there was a practical construction of the contract which is favorable to their respective contentions. We have not been able to find any such construction.

Under this agreement the insurance company's mortgage was made a first mortgage in all respects without any reservation, condition or exception. The first mortgagee had a right to protect its interest by any act which was honestly performed and in good faith. There is no question about the good faith of the insurance company in this case. It is apparent that it was doing what was deemed best to protect its mortgage, and there can be no just complaint about the wisdom of the act or the necessity therefor. That being so, the appellant's rights are governed by the case of *Lowenfeld* v. *Wimpie* (139 App. Div. 617). That case went much further than the case now under consideration. There the participation mortgage was satisfied and a new mortgage taken without

the consent of the party who owned an interest in the participation agreement.

It is conceded that the corporate plaintiff is entitled to a judgment decreeing that it has been released on the bond by reason of the renewal extension of the mortgage, but the individual plaintiff is not entitled to any relief, having agreed to subordinate his interest in the mortgage to that of the insurance company, and that the interest of the insurance company should be considered in all respects that of a first mortgage.

The judgment in so far as it dismisses the complaint as to the plaintiff Robert K. Stafford, should be affirmed, with costs. In so far as said judgment dismisses the complaint as to the plaintiff Stafford Bros., Inc., it should be reversed, with costs to said plaintiff, appellant, and judgment directed in favor of said plaintiff as prayed for in the complaint, with costs.

FINCH, P. J., MERRELL, O'MALLEY and TOWNLEY, JJ., concur.

Judgment in so far as it dismisses the complaint as to the plaintiff Robert K. Stafford affirmed, with costs to respondent against said plaintiff, appellant; and in so far as said judgment dismisses the complaint as to the plaintiff Stafford Bros., Inc., reversed, with costs to said plaintiff, appellant, against the respondent, and judgment directed in favor of said plaintiff, appellant, as prayed for in the complaint, with costs. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded. Settle order on notice.