THE WOMANS HOSPITAL IN THE STATE OF NEW YORK, Respondent, *v.* SIXTY-SEVENTH STREET REALTY CO., INC., et al., Respondents; MANUFACTURERS TRUST COMPANY, Appellant, Impleaded with Others.

FULTON TRUST COMPANY OF NEW YORK, as Committee of CLARA A. DOWNEY, an Incompetent Person, Respondent, *v.* SIXTY-SEVENTH STREET REALTY CO., INC., et al., Respondents; MANUFACTURERS TRUST COMPANY, Appellant, Impleaded with Others.

(Argued June 8, 1934; decided July 3, 1934.)

*Hastings S. Morse* and *David Barnett* for appellant.

*Albert Stickney* and *Vincent Keane* for Womans Hospital in the State of New York, respondent.

*Isaac N. Jacobson* for Sixty-Seventh Street Realty Co., Inc., et al., respondents.

LEHMAN, J.  The Sixty-seventh Street Realty Company was the owner of the equity in two parcels of real property which were subject to first mortgages owned by

the plaintiffs. The mortgages were guaranteed by the Lawyers Mortgage Company. There were defaults in the payment of moneys as they became due under the terms of the mortgages. The plaintiffs had the right to declare due the principal sum secured by the mortgages upon any default. They did not choose to exercise such right, but they brought actions to foreclose the mortgages in so far as they secured the delinquent items. The judgments directed the sale of the mortgaged premises, subject to the first mortgages thereon, to the amount of the principal not then due.

The Lawyers Mortgage Company, about the time when the foreclosure actions were begun, obtained assignments of rents of the mortgaged properties. These assignments authorize the assignee to apply the income from the mortgaged premises to the payment of arrears now or at any time existing under the terms of the first mortgages upon the premises, to the payment of interest or installments payable on account of the principal sum secured by the mortgages, to the payment of salaries, wages, commissions or fees of servants, employees, agents or attorneys, or of any charges, expenses or fees in the operation of the premises, " *and to apply any balance remaining thereafter to the reduction of the principal of the mortgage hereby affected.*" The order in which the rents collected should be applied, and the amount and time of such application, rested entirely in the discretion of the assignee under the express terms of the assignments.

The mortgaged premises were purchased by the Manufacturers Trust Company at the sale held under the judgments of foreclosure for amounts which left a small surplus after payment of the sums found due under the mortgages, and the costs and expenses of the foreclosure actions and sales. The assignee still holds some rents which it collected under the assignments, and which have not yet been applied to any of the purposes for which the assignments were given. The Manufacturers Trust

Company as the owner of the second mortgages upon the mortgaged premises, has moved to compel the assignee to pay the unapplied rents to the referee, appointed in the foreclosure actions, such rents to be treated as surplus moneys arising upon the sale of the property. The assignee of the rents, who is also the guarantor of the mortgages, is technically not a party to the foreclosure actions or to this motion, though quite probably it may have conducted the foreclosure actions through its attorney acting in the name of the plaintiffs. By an order made at Special Term the plaintiffs were directed to pay to the referee the rents which the assignee holds as the agent of the plaintiffs. The Appellate Division, upon appeal, reversed the orders and denied the motions, holding that the assignee was not the agent of the plaintiffs and that a second mortgagee has no interest in any rents collected by an assignee under an assignment of rents given as security for a first mortgage.

In spite of the fact that the Appellate Division based its decision in part upon a holding that the assignee of the rents is not the agent of the plaintiffs, the plaintiffs as respondents upon the present appeal maintain that the assignee is their agent. Moreover, upon the motions the plaintiffs presented affidavits by the assignee's attorney stating that the assignee claims no right to hold the rents still in its hands, but does not know whether those rents belong to the second mortgagee or to the former owner of the equity. The assignee was, as we have said, also the guarantor of the mortgages. It received the assignments of rents because under the terms of the mortgages, the mortgagees had a right to look to the rent for additional security, at least after a default by the mortgagor. We are asked on these appeals to answer the certified question: " Was Lawyers Mortgage Company the agent of [the mortgagees] in collecting rents and income from mortgaged premises under the assignment of rents herein? "

That question is not decisive of the appeal, and we do not answer it. The assignee had as guarantor an interest in collecting these rents and applying them upon the mortgages. Regardless of whether we classify the relation of the assignee to the mortgagees as that of agent with or without an interest, or as principal acting for its own benefit, it certainly received and held the moneys collected as a trust fund for application upon the mortgages and for the protection of the owners of the mortgage, so far as under the assignments the rents may be applied to such purposes. (*Matter of People [Lawyers Title & Guaranty Co.*], 265 N. Y. 20, decided herewith, opinion by CRANE, J.) The mortgagees can compel such application by the trustee and the affidavits of the attorney for the assignee show that the moneys are held by the assignee subject to direction of the court in the premises, and that the assignee claims no right to retain them. Thus if the plaintiffs, who are the first mortgagees, were under any duty toward a second mortgagee to compel the application of such moneys upon defaulted payments due under their mortgages, the court can upon these motions direct the mortgagees to perform that duty, and its directions can be made effective without infringing upon any rights which the assignee might be able to assert if it were a party to the motion.

Though the rents were pledged as security under the terms of the first mortgages, title to such rents, as they became due and were collected, remained in the owner of record until the pledge was made effective, and the owner of the equity divested of title to the rents by appointment of a receiver or by assignment. Even where a receiver of rents is appointed, or an assignment of rents procured, as additional security under a first mortgage, the holder of a subordinate lien upon the mortgaged premises does not thereby obtain any interest in such rents. The subordinate lien does not attach to the rents of the mortgaged property under such circumstances.

For these reasons the Appellate Division decided that the second mortgagee has no right to the relief asked. That does not follow. The second mortgagee upon this motion claimed no interest in or subordinate lien upon the rents collected by the assignee. It claims that because it had no interest in, or lien upon, these rents, the plaintiffs as first mortgagees were under an equitable duty to compel the application of the rents upon their mortgage debts, and thus avoid, *pro tanto*, depletion of the moneys received upon the sale of the properties which were subject to the subordinate liens of the second mortgages after the prior liens of the first mortgages were satisfied; and that under the doctrine of "marshalling of assets" a court of equity may make such application as if the plaintiffs had in fact done what in equity they should have done.

It has been said "that, if one party has a lien on, or interest in, two funds, for a debt, and another party has a lien on, or interest in one only of the funds for another debt, the latter has a right in equity to compel the former to resort to the other fund, in the first instance, for satisfaction, if that course is necessary for the satisfaction of the claims of both parties, whenever it will not trench upon the rights, or operate to the prejudice, of the party entitled to the double fund " (1 Story's Equity Jurisprudence [10th ed.], § 633). That statement of the doctrine of marshalling of assets was adopted and applied in the case of *Keogh* v. *McManus* (34 Hun, 521). There the court directed that the rents collected by a receiver, even if appointed solely for the benefit of the holder of a prior mortgage, should be applied, as if part of the moneys arising from the sale of the mortgaged premises, after the prior mortgage has been satisfied out of the proceeds of the sale. As the plaintiff elected to and did receive satisfaction of his prior mortgage out of the proceeds of the sale of the land, without resorting to the fund created by the rents in the hands of the receiver, and in that manner diminished the

proceeds of the land to such an extent as to deprive the holder of the last mortgage of the power of obtaining satisfaction of his debt out of that fund, he had the equitable right to resort to the fund created by the rents for the payment " of the mortgage debt." (Cf. *Vogel* v. *Nachemson*, 137 App. Div. 200; affd., 199 N. Y. 535.)

In principle there can be no distinction between rents collected by a receiver and rents collected under an assignment where the purposes for which the rent may be applied are the same. If the holder of a prior mortgage who can resort both to the proceeds of a sale under foreclosure, and to the rents collected, for satisfaction of his debt, chooses to satisfy it out of the proceeds of the sale and thus exhausts the only fund to which the holders of subordinate liens may resort, the court will allow the latter claimant to stand in the place of the former *pro tanto* in enforcing his claim out of the fund to which otherwise he could not resort. (*Keogh* v. *McManus*, *supra.*)

It is, therefore, upon equitable subrogation to the rights of the prior mortgagee and not upon any primary right of its own that the claim of the second mortgagee rests. But the doctrine of equitable marshalling of assets and equitable subrogation is applicable, as pointed out by Story, only where " it will not trench upon the rights or operate to the prejudice of the party entitled to the double fund." Here, though the amounts in arrears under the first mortgages were satisfied out of the proceeds of the sales under foreclosure, yet the principal, not yet due, of the debts secured by the mortgage has not been satisfied, and the mortgages are still, to that extent, unforeclosed and a continuing lien upon the mortgaged premises. The surplus of the proceeds of the sale under foreclosure after payment of the judgment of foreclosure constitutes a fund to which the holder of a subordinate lien upon the mortgaged premises may resort. The holders of the prior mortgages have no claim upon this

surplus. On the other hand, in so far as the assignments of rents permit the application of the rents towards reduction of the principal of the mortgages, the first mortgagees could look to the rents collected for satisfaction of their unpaid debt. The plaintiffs had the right to foreclose their mortgages for defaults in the payment of interest and installments due and unpaid, and obtain a judgment that the property be sold "subject to the continuing lien of the mortgage for the amount of the debt not then due and unpaid according to its terms." (Civ. Prac. Act, § 1086.) They had also the right at their option to compel the application of the rents collected either upon the arrears under the mortgage or in reduction of the mortgage debt. The doctrine of marshalling of assets cannot be applied in the manner asked by the second mortgagee without trenching upon the right of the first mortgagees to compel the application of the rents received in reduction of their mortgages.

The equities of the parties are clear. The fee of the mortgaged premises were cumbered by successive liens. The rents were assigned as additional security for the debt secured by the prior lien. Thus both the proceeds of the sale of the mortgaged property and the rents could be used for the satisfaction of the successive liens upon the mortgaged premises. A court of equity may marshal the moneys which can be used for the satisfaction of these debts in a manner which will result in an equitable division for that purpose, so far as that can be done without trenching upon the rights of any party. The first mortgagees have satisfied the arrears due and unpaid under their mortgages out of the proceeds of the sale. Their mortgages still continue as a lien upon the mortgaged premises. Any surplus, remaining after satisfaction of these arrears out of moneys derived from the sale of the property which is subject to this continuing lien, must be used for the satisfaction of the subordinate liens. That surplus would have been larger if the first mortgagees

had applied the rents collected upon the arrears due and unpaid under the first mortgages. It is the duty of the person who collects rents, either as receiver of the property or as the assignee of the owner of the rents, to apply the rents to the purpose for which they have been received by him. The only right remaining in the owner of the equity is to a return of the surplus of the rents after the receiver or assignee has performed his duty. Since the assignee of the rents was given an option to apply the rents collected either upon the moneys due and unpaid under the mortgages or in reduction of the principal of the mortgage debt, and was bound to exercise that option for the benefit of the mortgagees, the court cannot deprive the mortgagees and assignee of the rents of the benefit of the option. The rents which have not yet been applied in accordance with the assignments must be so applied; but the option may still be exercised unless the plaintiff mortgagees have by inequitable conduct lost that option.

Here delay in the exercise of that option has worked no prejudice either to the second mortgagee or to the owner of the equity. Reduction in the amount of the continuing lien might have resulted in a correspondingly higher price for the property subject to that lien. The surplus remaining after payment of the judgment out of the proceeds would then have been correspondingly increased. The same result follows if the unapplied rents are added to the fund to which the subsequent lienors may look for satisfaction of their debts. On the other hand, if the motion of the second mortgagee were now granted and the plaintiffs deprived of any right which the first mortgagees or assignee may have to apply the rents collected upon the principal sum secured by the continuing lien, the mortgagees will be deprived of the additional security for that sum which, by assignments of the rents, they obtained for the mortgage indebtedness through the assignment. Exact justice can be done only if the rents are applied in conformity with the powers granted to the assignee.

The second mortgagee did not upon these motions ask for such relief. What the second mortgagee did ask for the court could not grant at that time upon these papers. Perhaps it might have granted alternative relief, but it was not bound to do so when no party asked for it. Denial of the motion does not preclude the second mortgagee from renewing the motion or asking other relief hereafter if the rents collected are not applied within a reasonable time upon the mortgage indebtedness.

In each action the order should be affirmed, with costs, and the fourth question certified, " Should the net proceeds collected under the assignment of rents be turned over to the referee herein to be held subject to surplus money proceedings? " answered in the negative. The other questions certified are not answered.

POUND, Ch. J., O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur; CRANE, J., not sitting.

Orders affirmed, etc.