## In re PRUDENCE CO., Inc.

## In re REALTY ASSOCIATES SECURITIES CORPORATION.

### Nos. 27496, 27028.

District Court, E. D. New York.
June 16, 1936.

Lynn G. Goodnough, of Brooklyn, N. Y., for petitioner.

Kaufman, Weitzner & Celler and Thomas Cradock Hughes, all of New York City (Emil Weitzner, Thomas Cradock Hughes, Isadore Polier and Hubert Margolies, all of New York City, of counsel), for trustees of Prudence Co., Inc., Debtor.

Newman & Bisco, of New York City (David Barnett and Frank J. Gillis, both of New York City, of counsel), for Manufacturers Trust Co., as trustee.

A. Edward Moskowitz, of New York City, for Ruthsonia Corporation and others.

MOSCOWITZ, District Judge.

Realty Associates Securities Corporation, as the owner of a junior interest in the consolidated bond and first mortgage on the Chesterfield Hotel, prays for an order directing the trustees of the Prudence Co., Inc., debtor, to turn over the sum of $43,-942.50 collected by the said trustees under an assignment of rents, to be applied by the petitioner to pay the past due and unpaid interest on petitioner's share of the mortgage. The trustees oppose the motion on the ground that, as agent for the senior participant, they are bound by the terms of the ownership agreement to satisfy the senior participation entirely as to principal and interest before paying anything to the junior participant.

On November 2, 1928, two mortgages were outstanding against the Chesterfield Hotel; one was unpaid in the amount of $654,750 and the other, covering the remainder of the premises, was for $225,000. On that date these mortgages were spread and consolidated into a single first mortgage lien for $879,750 covering the entire premises. An ownership agreement of the same date provided for a senior and a junior ownership in this mortgage, reciting that the senior interest was superior to the junior interest as if the owners of each held a first and a second mortgage respectively. The senior participant was given all the rights of any holder of the bond and mortgage, specifically authorized to accept payment of the mortgage and execute satisfaction therefor, being accountable to the junior interest for any amounts in excess of the senior's ownership, and by paragraph second thereof the senior was "authorized to collect all the interest which is secured by said bond and mortgage and shall retain therefrom a sum equal to the interest then accrued upon the share of said bond and mortgage owned by the party of the first part (senior participant), and then remit to the party of the second part (junior participant) any balance of interest remaining."

Ruthsonia Corporation, the then owner, being in default for failure to pay amortization of principal, interest, and taxes, on August 1, 1932, executed an assignment of rents to the Prudence Co., Inc., as the agent for the holder of the consolidated bond and mortgage, and that company has since collected the rents and has enough on hand to comply with petitioner's prayer if the court so orders. I believe such an order should be given.

The second paragraph in the ownership agreement, quoted in part above, gives firm ground for this result. As between the owner and the trustees, the trustees have credited the rents received to interest on the entire mortgage. As far as the senior participant or its agent collects interest, the agreement gives the junior participant the right to the excess over the amount of interest then accrued on the senior participation. It does not appear that the other provisions of the agreement stressed by the trustees are inconsistent therewith. They do not deal specifically with receipts of interest. Upon settlement or foreclosure of the mortgage the senior participant

would have full powers of negotiation and would not be held to the standard 'of a fiduciary in its treatment of the junior participant. Here, there is neither foreclosure nor settlement, but the question is the disposition of the moneys received as interest. The junior participant's rights in this regard are clearly set forth and should be enforced. This does not beg the question, as the trustees might argue, on the ground that they have received these rents as principal payments. As the receipted bills show, the owner of the mortgage was credited with payments of interest as it accrued on the entire mortgage. This much the trustees stipulated and the quoted second paragraph of the ownership agreement makes. ineffective their reservation that they hold the rents as principal payments, so far as the junior participant is concerned.

This inconsistent position was adopted of necessity. The trustees consider that sections 1077-a, 1077-b of the New York Civil Practice Act, as amended by the Laws 1934, c. 357, in effect May 7, 1934, "make interest charges a first claim, after taxes, upon the net income of the mortgaged premises, as regards the owner of the mortgaged premises." It would be most inconsistent, if, although the amended statute specifically postpones the maturity of principal, a first mortgagee could apply all the income of the property to his mortgage principal as well as interest, and leave the owner open to foreclosure for failure to pay interest on a subsequent mortgage. International Madison Bank & Trust Co. v. Jonas Const. Co., Inc., 247 App.Div. 806, 286 N.Y.S. 342, does not support the trustees in their claim that the junior participant here must not be paid and still may not sue. It stands as much for the proposition that the junior participant, otherwise able to foreclose by virtue of section 1079-a of the Civil Practice Act, must be paid its interest charges if the prior mortgagee, as assignee of the rents, receives a surplus over his interest. To limit the owners to the benefit of the moratory legislation only as to first mortgagees would, in large measure, render the emergency legislation ineffective to accomplish its intended purpose. The alternative is to preclude second mortgagees from action entirely, although not even interest has been paid them. This has not been done. The trustees were right in considering that rents received must apply to interest on the entire mortgage, but they erred in considering that they could withhold payment of interest from the junior participant.

None of the cited cases are controlling. Woman's Hospital v. 67th St. Realty Co., 265 N.Y. 226, 192 N.E. 302, 95 A.L.R. 1031, merely held that although the defaults on a first mortgage have been cured by foreclosure, one holding an assignment of rents for the first mortgagee can apply the receipts to reduce the principal of the first mortgage and need not pay over the moneys so received to an unpaid second mortgagee. There has been no foreclosure in the case at bar. To prevent it, the amended moratory statutes provide that principal shall be regarded as not yet due. This would be sufficient to differentiate the cases, but in addition there is the fact that in the present case disposal of the moneys involved is specifically directed by the ownership agreement. New York Life Ins. Co. v. Fulton Development Co., 265 N.Y. 348, 193 N.E. 169, and Harris v. Taylor, 35 App.Div. 462, 54 N.Y.S. 864, appeal dismissed, 159 N.Y. 533, 53 N.E. 1126, are holdings similar to the Woman's Hospital Case, and are similarly irrelevant for the same reasons.

Lowenfeld v. Wimpie, 139 App.Div. 617, 124 N.Y.S. 178, affirmed 203 N.Y. 646, 97 N.E. 1108; Clare v. New York Life Ins. Co., 178 App.Div. 877, 166 N.Y.S. 95, and Stafford v. New York Life Ins. Co., 235 App.Div. 538, 257 N.Y.S. 680, affirmed 260 N.Y. 696, 184 N.E. 150, do establish the general proposition that the senior participants in the consolidated mortgages there involved were given the right by the ownership agreements to protect themselves without being held to the standard of fiduciary care as regards the junior participants. The senior interest has full power to deal with the owner as a holder of the entire mortgage would, although the junior participant's share be changed by the negotiation. Thomas v. Zahka, 99 Misc. 333, 164 N.Y.S. 193, reversed, 181 App.Div. 173, 168 N.Y.S. 396, Trial Term decision affirmed 228 N.Y. 187, 126 N.E. 707, establishes a limit to the senior participant's immunity in adjusting the junior participant's rights. These cases are not controlling here in any sense. The rights of the opposing parties in the present case to moneys received as interest by the senior participant from the owner are laid down by paragraph second of the ownership agreement herein. Whatever the senior partici-

pant's general powers are, his powers with regard to this fund are strictly limited. There is no warrant for saying that the ownership agreement here involved permits the application of interest received to reduce the principal on the senior participation under the circumstances presented. This follows a fortiori where, as here, the principal obligation is not yet due by the terms of the amended moratory statutes. The cited cases do not by any means establish that the senior participant can disregard the specific provisions of paragraph second of the ownership agreement.

The trustees are not right in their assumption that the mortgage is matured and past due. The amendments in sections 1077-a, 1077-b of New York Civil Practice Act prevent this from being so. The debt itself is now affected, as well as the remedy to enforce it. The case of Kress v. Central Trust Company, 153 Misc. 397, 275 N.Y.S. 14, affirmed 246 A.D. 76, 283 N.Y.S. 467, allowing a bank to set off against a debt to a depositor an overdue bond secured by a mortgage was decided before these amendments when the remedy alone was affected.

There is no room for a contrary interpretation of these amended statutes. Constitutional difficulties are no greater under the amendments than before when the statutes were upheld. Klinke v. Samuels, 264 N.Y. 144, 190 N.E. 324; Home Building & Loan Ass'n v. Blaisdell, 290 U.S. 398, 54 S.Ct. 231, 78 L.Ed. 413, 88 A.L.R. 1481.

The order to be entered herein must favor the petitioner, the case being controlled by the second paragraph of the ownership agreement which directs the disposal of interest received. This disposition is not in conflict with that recently made by this court in the matter of Prudence Company, Inc., Debtor (In re Application of Reconstruction Finance Corporation) 15 F.Supp. 1067, June 4, 1936. In the case at bar the question involved is merely the disposal of payments received from the owner, as interest, and is governed by a specific provision of the agreement. In the cited case, interest was not in question and the point at issue was the proper application to be made of payments received to amortize the principal of the mortgage. It was held that under the ownership agreement therein involved, priority as to these payments was given to the senior participant. The clause relating to interest payments was not considered, for it was irrelevant to the issue presented.

Settle order on notice in accordance with this opinion.