NEW YORK LIFE INSURANCE COMPANY, Appellant, *v.* WEST 18TH AND 19TH ST. REALTY CORPORATION and Others, Defendants, Impleaded with ROBERT E. MCLEAR, Respondent.

First Department, March 18, 1938.

*William T. Rutherford* of counsel [*Mendes Hershman* with him on the brief; *Harry H. Bottome*, attorney], for the appellant.

*Wallace T. Stock* of counsel [*Robert E. McLear* with him on the brief; *McLear & McLear*, attorneys], for the respondent.

DORE, J. New York Life Insurance Company, plaintiff in an action to foreclose a mortgage, appeals from an order of Special Term denying its motion for summary judgment.

Plaintiff, as holder of a prior and senior interest in a bond and mortgage, commenced this foreclosure action July 8, 1935, for claimed defaults in payment of interest amounting to over $145,000 and an unpaid balance of taxes advanced by plaintiff in the sum of $6,501. All parties served in the action, except the defendant Robert E. McLear, defaulted, including the present owner of the equity and the party liable on the bond for any deficiency. The defendant McLear (hereinafter referred to as " defendant ") appeared and answered, and on plaintiff's motion for summary judgment filed affidavits alleging on information and belief that there were no defaults and contending that there were preliminary triable issues of fact. To understand the issues claimed to exist, it will be necessary to refer to prior proceedings.

The original bond for $550,000, with interest at five per cent, was executed and delivered to New York Life Insurance Company (hereinafter called " plaintiff ") by St. Johns Park Realty Company on September 21, 1911, secured by a mortgage on the real estate known as 22–28 West Nineteenth street, extending through 19–23 West Eighteenth street, borough of Manhattan, city of New York.

On January 27, 1925, Stafford Brothers, Inc., the then owner of the mortgaged premises, executed and delivered to plaintiff an agreement for the extension of the time of payment of the principal indebtedness secured by the bond and mortgage to January 1, 1930, by the terms of which Stafford Brothers, Inc., covenanted to pay the principal and interest due on said date. On the same date Robert K. Stafford, who was then president of Stafford Brothers, Inc., and plaintiff entered into a participation agreement covering the bond and mortgage under the terms of which plaintiff became a holder of a prior interest in the sum of $450,000 and Robert K. Stafford of a subordinate interest in the sum of $80,000; plaintiff's ownership was to be prior and superior to that of Stafford as if plaintiff held a first mortgage for $450,000 and Stafford a second and subordinate mort-

gage to secure the balance of the mortgaged debt; plaintiff was authorized to receive installments of interest and principal; in the event of foreclosure Stafford or his assignees were to be made defendants; upon foreclosure plaintiff would receive the proceeds of sale and Stafford or his assignees were entitled to an accounting for moneys received by plaintiff in excess of plaintiff's ownership. Under paragraph fifth of said participation agreement, it was provided that plaintiff was " authorized to extend the time of the payment of the principal of said bond and mortgage [including Stafford's participation] at the same or at an increased rate of interest."

Thereafter Eugene C. Harding Realty Company became owner of the premises and plaintiff, as mortgagee, on January 8, 1930, extended the time of payment until January 1, 1931. On October 31, 1930, plaintiff granted a further extension to the owner to and including January 1, 1934. The execution of the instruments evidencing the mortgage and extensions thereof is admitted in defendant's answer.

On December 12, 1929, Robert K. Stafford and Stafford Brothers, Inc., commenced an action in equity against plaintiff herein and Eugene C. Harding Realty Company, based on the original bond and mortgage made by the St. Johns Park Realty Company, the participation or share ownership agreement, the extension agreement of January 8, 1930, between plaintiff and the Eugene C. Harding Realty Company and (by subsequent amendment to the complaint) the second extension agreement of October 31, 1930. Plaintiffs in that action alleged that notwithstanding protests and an offer to pay the amount due on the bond and mortgage for an assignment thereof, the defendant therein, the New York Life Insurance Company, wrongfully, in bad faith, in violation of plaintiffs' rights and to serve its own ends made the extension agreements without the knowledge or consent of Stafford Brothers, Inc., and by such agreements released all the parties except Eugene C. Harding Realty Company from all liability; and plaintiffs demanded judgment that Stafford Brothers, Inc., be released of all liability; that the extension agreements be held void as to Robert K. Stafford; that Robert K. Stafford have judgment against the defendant therein for the sum of $80,000; that the insurance company be directed to assign to him an interest in the bond and mortgage in such amount; that he be authorized to foreclose his interest, and in the event of foreclosure and deficiency arising on the sale the insurance company be charged with the difference between the full amount of the share of Robert K. Stafford under the participation agreement and the amount realized on the sale of the mortgaged premises.

On January 4, 1932, after a full trial in that action, the court at Special Term held that the insurance company had all the rights of a first mortgagee, that the mortgage participation agreement expressly gave it the right to extend the time of payment of the bond and mortgage, that there was no trust relationship between the parties, and, accordingly, dismissed the complaint on the merits as against both plaintiffs. On appeal to this court the judgment entered at Special Term was modified on June 10, 1932, to the extent of holding (1) that Stafford Brothers, Inc., was released from liability on the bond and mortgage by reason of the fact that the extension was without its knowledge or consent, and (2) that, under the terms of the participation agreement of January 27, 1925, Robert K. Stafford was not entitled to the relief demanded, and dismissed his complaint on the merits (*Stafford* v. *New York Life Ins. Co.*, 235 App. Div. 538; affd., 260 N. Y. 696).

On April 19, 1932, after the dismissal of his complaint at Special Term, Robert K. Stafford assigned his interest in the participation agreement to one Jenny S. Murphey; more than two years later, on December 14, 1934, Jenny S. Murphey assigned to the defendant herein, Robert E. McLear, who was attorney and counsel for the plaintiffs in the *Stafford* case. Under the terms of the participation agreement, McLear has been joined as defendant in this foreclosure suit as holder by assignment of said junior participating interest.

Defendant in his answer, after denying on information and belief the alleged defaults in the payment of interest and taxes, sets up a first complete defense, also denominated a counterclaim. In substance, the defense alleges that the extensions of January 8, 1930, and October 31, 1930, were made without the consent of his predecessor Robert K. Stafford and Stafford Brothers, Inc., resulting in a release of Stafford Brothers, Inc., from all liability on the bond and mortgage; that at the time of said extensions Stafford Brothers, Inc., was financially solvent and able to pay and satisfy the liabilities under said bond and mortgage; that the extension agreements were made wrongfully, in bad faith, in fraud upon the rights of the junior participant resulting in impairment of the sole security for payment of his share; and that by reason of these acts the defendant McLear, as successor to Robert K. Stafford, is entitled to judgment against plaintiff in an amount sufficient to pay the sum due on his share, in case such sum is not realized from the proceeds of the foreclosure sale. Defendant also sets forth as an alleged second counterclaim that plaintiff, as mortgagee in possession, has from time to time received rents and income from the mortgaged premises over and above the amount due to plaintiff, and that at least $21,600 of

the moneys so received was payable and ought to have been paid to defendant on his share in the mortgage, but plaintiff, after demand, has failed to pay over such interest moneys and defendant asks for an accounting. Both of these counterclaims have been stricken out at Special Term for insufficiency, as a matter of law, and such ruling unanimously affirmed by this court (*New York Life Ins. Co.* v. *West 18th & 19th St. Realty Corp.*, 248 App. Div. 581), and motion for leave to appeal to the Court of Appeals or for reargument denied (248 App. Div. 858). Defendant contends that such counterclaims, though dismissed for insufficiency, survive as defenses.

On this appeal plaintiff contends that the judgment in *Stafford* v. *New York Life Ins. Co.* is *res adjudicata* on the issue of law presented by the first separate defense; that the order dismissing the counterclaims for insufficiency established the law of the case regarding all matters alleged, whether as a counterclaim or as now attempted to be realleged as a defense; and that no issue of fact as to defaults under the bond and mortgage is presented by defendant's pleadings or affidavits, as no evidentiary facts are set forth entitling defendant to a trial and the defaults are clearly established in the moving affidavits.

We hold that the issue attempted to be presented by defendant's alleged first defense was specifically adjudicated in the *Stafford* case and is *res adjudicata* as against defendant herein as assignee of Robert K. Stafford and presents no undetermined issue of law. The bond, mortgage, extension and participation agreements constituting all of the documents made the basis of Stafford's claim are the identical documents made the basis of the defense in the case at bar. The alleged wrongful acts extending the time for payment of the indebtedness therein set forth are the same wrongful acts alleged in the defense in this action. The issues in the *Stafford* case are identical with those raised by the first defense, and the relevant denials, namely, whether the extensions of the mortgage made by plaintiff without the knowledge or consent of defendant's predecessor holder of the junior and subordinate interest were a violation of the rights of the holder of such junior interest under the participation agreement. This court has expressly held that the plaintiff acted within its rights and pursuant to the terms of the participation agreement, although by the extension it released Stafford Brothers, Inc., of all liability. That the issues were the same appears from the opinion of this court by Justice (now Presiding Justice) MARTIN, in which he said:

" The basis for this action as alleged in the complaint is that the extensions of the mortgage granted by the New York Life Insurance

Company to the Eugene C. Harding Realty Company were made without the knowledge or consent of the appellants and the mortgagor St. John's Park Realty Company and over the protests and objections of appellants and in bad faith. * * *

" Under this agreement the insurance company's mortgage was made a first mortgage in all respects without any reservation, condition or exception. The first mortgagee had a right to protect its interest by any act which was honestly performed and in good faith. There is no question about the good faith of the insurance company in this case. It is apparent that it was doing what was deemed best to protect its mortgage, and there can be no just complaint about the wisdom of the act or the necessity therefor. That being so, the appellant's rights are governed by the case of *Lowenfeld* v. *Wimpie* (139 App. Div. 617). That case went much further than the case now under consideration. There the participation mortgage was satisfied and a new mortgage taken without the consent of the party who owned an interest in the participation agreement."

*Lowenfeld* v. *Wimpie* (139 App. Div. 617) was also an action for the foreclosure of a mortgage in which the plaintiffs were the superior and the impleaded defendant the junior participants under a mortgage participation agreement containing clauses similar to the agreement in issue. Referring to the obligations of the parties and the rights of the plaintiffs as owners of the senior participating interest the court said:

" The plaintiffs were undoubtedly bound to exercise the greatest good faith towards respondent, but they were also entitled to protect their own superior interests, and could not be required to waive those in favor of the respondent. They were, therefore, justified in taking the necessary steps to consolidate the liens, and if they acted in good faith, and with reasonable prudence, the respondent has no cause for complaint. Neither bad faith nor lack of prudence is charged, and the respondent is, therefore, entitled only to be placed in as good a position relatively as it would have been if the former liens had been continued. That is to say, respondent is entitled to the payment, out of the proceeds of the sale, of the amount due under its lien, after all the superior liens are satisfied. * * *

" We cannot find that the plaintiffs violated any duty which they had assumed to the respondent and see no reason why the claim of the latter upon the mortgaged property should be preferred to prior claims held by the plaintiffs."

Assuming, as defendant contends, that there is a fiduciary relationship between the parties and that the senior participant is obliged to use the greatest good faith and prudence so as not inequitably to injure the junior, and assuming also that in 1930 the released obligors were solvent, that the security at the end of the extension agreement in 1934 is insufficient to satisfy both participants, and that the present obligor is insolvent, the *Stafford* case expressly held that the holder of the senior participation in this mortgage had the right to extend the time of payment; that by so doing it released the then solvent obligor but that its action was taken in good faith at that time; that there could be no just complaint about the wisdom of its act or the necessity therefor; and that the individual plaintiff, defendant's assignor, was not entitled to any relief, having agreed to subordinate his interest in the mortgage to that of plaintiff herein. Defendant's present contention when reduced to its final analysis attempts to place on the senior participant a greater fiduciary duty than that of a formal trustee. It amounts to a claim that even though a senior participant exercised good faith and good judgment and acted wholly within its rights and without breach of any duty at the time the extension was made and the solvent obligor released, if it be later established (at the end of the period of extension) that by reason of a change in economic conditions over which the senior participant had no control the security is not then sufficient to pay both in full, the senior should be held liable for any deficiency. To such onerous liability even a formal trustee is not held if he acts in good faith and with reasonable care and prudence at the time the action is taken. It having been determined that plaintiff so acted in this case, plaintiff may not now be charged with losses resulting from a change in the financial position of the party executing the extension agreement in 1930, or a subsequent decline in financial or real estate values.

We consider also that the order of Special Term dismissing the counterclaims established the law of the case applicable to defendant's first separate defense as well as to the alleged second counterclaim even if considered as a defense.

In respect to the mortgage defaults, the mere denials of lack of knowledge in defendant's answer present no triable issue of fact. The existence of defaults in payment of taxes and interest is adequately established by plaintiff's affidavits. Defendant has not presented any evidentiary facts tending to establish payment. Upon the pleadings and motion papers the court holds there exists no triable issue and that plaintiff's motion for summary judgment should have been granted.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and summary judgment granted in accordance with plaintiff's notice of motion.

MARTIN, P. J., GLENNON, COHN and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and summary judgment granted in accordance with plaintiff's notice of motion. Settle order on notice.