NEW YORK LIFE INSURANCE COMPANY, Respondent, *v.* WEST 18TH AND 19TH ST. REALTY CORPORATION and Others, Defendants, Impleaded with EDNA S. McLEAR, as Executrix, etc., of ROBERT E. McLEAR, Deceased, Appellant.

First Department, May 17, 1940.

*Wallace T. Stock*, for the appellant.

*William T. Rutherford* of counsel [*Mendes Hershman* with him on the brief; *Harry H. Bottome*, attorney], for the respondent.

PER CURIAM. Plaintiff concedes and the record shows there was no accounting between the junior and senior participant in the bond and mortgage as to the operating expenses and the rents

received, and the court at Special Term expressly confirmed the referee's report without prejudice to appellant's instituting an independent action for an accounting *after* the completion of the foreclosure action. By prior decisions of this court it is the law of this case that under the terms of the contract between the parties, appellant, as junior participant, had the right to claim an accounting only after the completion of the foreclosure action and not before. (*Stafford* v. *New York Life Ins. Co.*, 235 App. Div. 538; affd., 260 N. Y. 696; *New York Life Ins. Co.* v. *West 18th & 19th St. Realty Corp.*, 248 App. Div. 581; S. C., 253 id. 523.)

The judgment should be modified to provide that it be without prejudice to a separate action for an accounting by appellant as junior participant in the bond and mortgage against plaintiff as senior participant therein on appellant's alleged claim that there was paid to plaintiff since October 31, 1930, on account of the mortgage indebtedness, a sum larger than $188,684.06; and, as so modified, the judgment should be affirmed, without costs.

Present — MARTIN, P. J., O'MALLEY, GLENNON, UNTERMYER and DORE, JJ.

Judgment unanimously modified so as to provide that it be without prejudice to a separate action for an accounting by appellant as junior participant in the bond and mortgage against plaintiff as senior participant therein on appellant's alleged claim that there was paid to plaintiff since October 31, 1930, on account of the mortgage indebtedness, a sum larger than $188,684.06; and, as so modified, affirmed, without costs. Settle order on notice.